THE late Philip Nasar made and duly executed his will and testament on the-day of December, wherein and whereby ho made the following devises and bequests. Me authorised and empowered his executors to rent out his lot of land in King street, Nq. *551 84, til! the youngest of his grand-children, as well those by his late son Froderick Nasar as those by bis (laughter Mary M. Brockway, whether already born, or which his said daughter may hereafter have, shall attain the age of eighteen years. And when the youngest of his said grand-children shall attain said age, he desires his ,, , ..it . , , executor to sell the said lot and buildings on suet! terms as he shall think fit, and execute to purchasers good ties in fee simple or otherwise. He desires that as long as the lot shall he rented out, the rents may be applied first to pay all taxes, charges and assessments for it, and for keeping' buildings in repair. The surplus of the rents to be applied to the maintenance and education of his grand-children Frederick and Gaspar Nasar, c.hil- ° dren of his late son Frederick Nasar, and all the elm-to dren of Mary M. Brockway,his daughter, newborn to be horn, till the youngest of them shall attain the age of eighteen years. And when the lot shall be sold he devises the monies thence arising equally to all his said*? grand-children who may then be living, forever. But in case either of his grand-children should die unmarried and under the age of twenty-one years, the share of the , . . . ■ j ,, . - , . one so dying he gives equally among the survivors 01 ins grand-children who shall live to marry or to attain twenty-one years, forever. He directs his executors to sell the remainder of his estate upon such terms as they shall think proper, and the monies rliencc arising, with r r 0 all monies and securities for monies which may be due at liis death on any account, ho directs to be applied to pay, first his debts and also liis funeral expenses, and . ,, . , , . . . . , , ... to place the remainder at interest m bonds, or vest the same in the purchase of stock of the United States * of this state, or any hank of this city, and the interestal or dividends shall be appropriated to the maintenance and education of all his grand-children to whom he has given the rents of his real estate, as before directed, till the youngest shall attain eighteen years •, and then devises the principal to his said grand-children, as before directed, as to the monies arising from the sale of *552 ^'lG ^CC" as e^cs^ grand-children will attain before the youngest will attain eighteen, it be proper to advance the eldest as they shall sever-twenty-one: He therefore authorised his executors in their discretion to advance the eldest as they respectively attain twenty-one their full shares of the monies arising from his personal estates, and appoints Peter Smith and John Hodolph Suitzer, his executors. He soon after died, leaving his will in Ml force and virtue, and Pater Smith alone qualified as executor of the said will. The complainants are the two grandchildren of the testator, by Ms son, who are named in the will. The testator’s daughter, Mrs. Brackway, had two children alive at the time of the testator’s death, and has had one child born since. The complainants contend that by the true construction of their grand-father’s will, they are entitled to one half of the said property between them, or one fourth each $ as their grandfather did not intend to depart, in the distribution of his property, from the statute which, would have given one half the said property to the said complainants as representing their father, and the other half among the children of Mrs. B. however numerous they may be„
¡n,nTO|
I have looked carefully into the will of the testator, and I do not find any difficulty in it on this point. It appears clearly to have been his intention to divide the amount sales of the real estate, so devised and bequeathed, equally among all his grand-children. No reasoning can make the intent clearer than is apparent on the face of the will. I shall not therefore attempt any reasoning to elucidate so clear an intent; but express my decided opinion, that the two complainants and all the grand-children born and to be born of Mrs. Brackway, the daughter, will be entitled to equal portions of tiie real estate devised and bequeathed in their grand-father’s will, under the limitations there stated. The only difficulty in the will arises from the testator’s directing that on his grand-children respectively attaining twenty-one years of age, they shall draw off their' *553 proportion of tlie personal estate. It seems to me that this qualifies tbe general intent to divide the property equally among all his grand-children to this extent, the two grand-children, the complainants, who have attained twenty-one years of age, are now entitled to draw off their respective portions of the personal estate, and that these portions are one-fifth for each of them. The remaining three-fifths will then remain to be divided among the three other grand-children, and such other children as Mrs. Brockway may have; each of them when attaining the age of twenty-one years to be entitled to draw olf their respective proportions in the then situation of the personal estate and of the family. The defendant having stated in his answer that he has paid over to the complainants their two-fifths of the personal estate, nothing now remains to be decided as to that portion of the estate. As to the real estate the testator having directed it to be kept together, till a certain time, and no good reason being assigned for departing from this direction, the Court will make no change in that respect. It is therefore ordered and decreed that the hill be dismissed.
There was no appeal.